UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

BRIAN LEWIS SISEMORE, )
 )
    Plaintiff, )
 )
v. ) No. 2:14-CV-49-JRG-MCLC
 )
JUDGE BAILEY,[1] BURKLEY BELL, )
TROY L. BOWLIN, II, and VINCE )
MULLINS, )
 )
    Defendants. )

### MEMORANDUM and ORDER

    Brian Lewis Sisemore ("Plaintiff") has filed this pro se complaint under 42 U.S.C. § 1983, alleging that his constitutional rights "may" have been violated by Defendants Greene County Sessions Court Judge Bailey, District Attorney Burkely Bell, Attorney Troy L. Bowlin II, and Tennessee Trooper Vince Mullins [Doc. 1 p.1]. This action was filed in the Middle District of Tennessee, which transferred it to this division based on venue considerations [Doc. 3], and it is now before the Court for screening.

    Under the Prison Litigation Reform Act (PLRA), district courts must screen complaints by non prisoners who are proceeding in *forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citing 28 U.S.C. § 1915(e)(2)*, overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Dismissal is required if complaints are frivolous or malicious, if they fail to state a claim for relief, or if they are brought against a defendant who is immune, unless the Court invites a plaintiff to amend an allegation which, though deficient as

---

[1] The Court has corrected the spelling of this judicial officer's last name, which was spelled "Baley" in the complaint [Doc. 1 p.1].

presented, might state a claim if amended. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

In performing the screening task, the Court recognizes that pro se pleadings are to be generously construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). All well-pleaded allegations in the complaint will be taken as true and the factual allegations will be considered to determine whether "they plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The Court examines the complaint in light of those requirements.

Plaintiff contends that, on January 28, 2013, while he was traveling on I-81 in the south-bound lane, he was instructed to enter the scales, was stopped on the scale, and was told to bring his log book and driver license inside the building. Once inside, Plaintiff presented these documents to Defendant Trooper Mullins, who examined them, told him to update his log book to the current date, and finally sent him out the door. The encounter continued, however, because Trooper Mullins then instructed Plaintiff to drive to the inspection shed. Ultimately, Trooper Mullins searched the cab of the truck, without notice, a warrant, or probable cause, and frivolously arrested Plaintiff, using tactics of fear and intimidation.

Later, Plaintiff was misinformed and coerced into waiving his rights. Plaintiff charges that these events were the result of a conspiracy involving the Judge, the District Attorney, the defense attorney, perhaps the arresting officer and even the court clerk. Plaintiff maintains that his defense counsel lied to him, accepted attorney fees, did not defend him, and coerced him to enter a guilty plea which was not in his best interest.

Plaintiff asks that Defendants be put on notice that a federal civil rights lawsuit has been filed and that their possible misconduct is under investigation. Plaintiff also asks that his state charges be dismissed and his weapon and ammunition be returned to him.

First, the statute upon which Plaintiff's lawsuit is based, i.e., 42 U.S.C. § 1983, provides for redress of the deprivation of a right guaranteed by the Constitution or laws of the United States caused by a "person" acting under color of state law. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate").

Here, the second element is missing with respect to Plaintiff's claim against Attorney Troy L. Bowlin, II, because a private attorney defending a criminal accused is not a state actor. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Rogers v. Stacey*, No. 99-3408, WL 190100 (6th Cir. Feb. 7, 2000) (defense attorney not acting under color of state law); *McNeil v. Brott*, No. 89-1433, 1989 WL 147109 (6th Cir. Dec. 6, 1989) (private attorney not state actor).

Therefore, Attorney Bowlin and all claims against him are **DISMISSED** for failure to state a claim which would entitle Plaintiff to relief under § 1983.

Plaintiff's claims of conspiracy are likewise fatally deficient. A civil conspiracy, as explained by the Sixth Circuit, "is an agreement between two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir 2003) (citing *Hooks v. Hooks*, 771 F.2d 935, 943- 44 (6th Cir. 1985)). Here, Plaintiff claims that a conspiracy to violate his rights existed, but he has provided no factual allegations to link these Defendants "to any common act designed to deprive [plaintiff] of [his] constitutional rights." *Mich. Paytel Joint*

*Venture v. City of Detroit*, 287 F.3d 527, 541 (6th Cir. 2002). Even if the Court assumes, as it must, that all the conduct occurred as alleged in the complaint, "there is no evidence from which to infer that the defendants acted in concert in so doing." *Spadafore*, 330 F.3d at 854. The Court is not required to conjure up unpled facts, *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988), and Plaintiff's assertion of the existence of a civil conspiracy lacks merit, is conclusory, and fails to state a § 1983 claim for relief. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987) (holding that vague, conclusory accounts of a conspiracy and unconstitutional behavior are insufficient to state a civil rights claim); *see also Iqbal*, 556 U.S. at 676 (the complaint must contain contentions showing that each Defendant violated the Constitution through his "own individual actions").

Plaintiff's final claim is that his state criminal charges are constitutionally infirm due to an unconstitutional search conducted by Trooper Mullins, an unlawful arrest, and misinformation and coercion used to secure his guilty plea. Plaintiff requests that the Court dismiss the State's case against him, return his weapon and ammunition, and credit him for his "clean record" which "speaks for itself" [Doc. 1 p.3].

Unfortunately for Plaintiff, this claim must be dismissed because the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), applies here and calls for that result. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal prosecution against them in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here.

4

It appears that Plaintiff's criminal proceedings are pending in the state court. There, Plaintiff may attack what he sees as criminal charges tainted by multiple violations of his rights and a state criminal case rife with constitutional violations. Were this Court to find in Plaintiff's favor that the rights allegedly violated, in fact, were violated, this ruling undoubtedly would undermine the State's interest in conducting its criminal judicial proceedings in accord with constitutional mandates and its entitlement to be given the first opportunity to do so.

Therefore, the Court must abstain from interfering in Plaintiff's state criminal proceedings by affording him the relief he seeks and hereby **DISMISSES without prejudice** the last claim asserted in the complaint.

For all the above reasons, Plaintiff's complaint does not pass the screening test since it fails to state a claim which would entitle him to relief under § 1983. It will be **DISMISSED** *sua sponte* for failure to state a claim under 28 U.S.C. §§ 1915(e)(2). The Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and now **CERTIFIES** that any appeal from this action would not be taken in good faith. *See* Fed. R.App. P. 24(a)(3). Accordingly, should Plaintiff file a notice of appeal, he also must pay the full appellate filing fee of five-hundred, five dollars ($505.00) or submit a motion for leave to appeal *in forma pauperis*.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE